**Craton LIDDELL, et al., Plaintiffs,**

**v.**

**The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MO., et al., Defendants.**

**No. 72–100 C (5).**

United States District Court, E.D. Missouri, E.D.

Feb. 27, 1987.

See also 654 F.Supp. 334, 804 F.2d 500.

**MEMORANDUM AND ORDER**

LIMBAUGH, District Judge.

This matter is before the Court regarding Special School District's motions to alter or amend, and for stay.  L(1278)87 and L(1279)87, respectively.  The Special School District's motions are directed solely to the closing of South County Technical High

School within the purview of the 12(b) Plan pursuant to this Court's order, L(1269)87. Several parties have filed responses: L(1295)87—Desegregation Monitoring and Advisory Committee (DMAC); L(1296)87—United States; L(1298)87—Liddell plaintiffs; L(1299)87 and L(1300)87—City Board; L(1301)87—Intervenor Missouri National Education Association (M–NEA), and L(1306)87—Vocational Education Advisory Committee (VEAC). The State has informed this Court that it does not intend to file a response to the motions. The Special School District has filed a consolidated reply to the various responses to its motions. L(1302)87.

The Special School District concedes that the closing of West County Tech was proper, however, it believes that the closing of South County Tech was not warranted and was not a valid exercise of this Court's remedial powers. The Special School District's argument is two-fold: firstly, the Court ordered the closing without jurisdiction to do so, and secondly, the Court has failed to consider the hardships now placed on handicapped students, part-time students, and adult education students.

■ In considering the first argument the Court has continuing jurisdiction over this case. It is well settled throughout the history of the case that the district court possesses equitable remedial authority to require the defendants to take actions which will help eradicate the remaining vestiges of segregation. Not only does this Court have the broad remedial authority vested in federal courts under the Supremacy Clause to eliminate established constitutional violations, it has also expressly retained jurisdiction to take appropriate action *sua sponte* if it believes that implementation of the 12(b) plan is not achieving its goals. *See, Liddell v. Board of Education, City of St. Louis,* 677 F.2d 626, 636 (8th Cir.1982). The Special School District does not contest the jurisdiction of the Court to order the closing of West County Tech. Yet, if jurisdiction is clothed in this Court to order West County closed,

the same jurisdiction should be applicable to the closing of South County Tech.

In addressing the second argument, the record reveals that an astronomical amount of material was before this Court and thoroughly reviewed prior to its L(1269) order. Numerous factual reports and position papers had been filed. The Metropolitan Coordinating Committee (MCC), which has Special School District representatives as members, was given more than one opportunity to draft modifications to the 12(b) Plan. The Special School District was never relieved of the responsibility nor denied the opportunity to present its own proposals for modifications. Unfortunately, it is only after the Court orders the school closings the Special School District proposes new programming at South County Tech to encourage enrollment and promote racial balance. The Special School District could have proposed these changes during the MCC meetings last year. The District had ample opportunity to present its "evidence" or program changes in writing to this Court long before Order L(1269)87 was entered.

■ The Court was aware of the impact that its order might have on the staff and students of South County Tech; nevertheless, it is obligated to take whatever action it believes is necessary to implement the desegregation effort. The 12(b) Plan was adopted in order to desegregate the vocational education high school programs in the metropolitan area. The Court does not accept the Special School District's contention that the handicapped and adult education students are the "unfortunate victims" of the decision to close South County Tech as part of the 12(b) Plan. The Special School District has every right to maintain South County Tech, as well as West County Tech, for its programs adopted to the needs of the handicapped, adult education and part-time students. The order of this Court only involves students in the 12(b) Plan. In fact, the District concedes handicapped and adult education students are not subject to the 12(b) Plan. Consequently, their numbers do not gauge the "suc-

cess" of the implementation of the 12(b) Plan at South County Tech. This Court can only be concerned with the 12(b) Plan enrollment of students in the desegregation programs. The Court also specifically noted in its original order that South County Tech was closed within the purview of the 12(b) Plan; i.e. it would no longer function as an educational facility subject to programming and staffing under the 12(b) Plan. This Court does not foreclose the Special School District from operating adult education programs at South County Tech or using the facility to educate those handicapped students unable to be "mainstreamed" into vocational-education programs at O'Fallon and North County Tech.

■ The Court stands by its decision to close West County and South County Technical high schools only as to those students in the 12(b) plan. Since an (expedited) appeal is inevitable, the Court will look favorably upon the Special School District's motion for stay. A stay is entered only as to the closing of South County Technical High School, relating to 12(b) plan students until such time as the appellate court rules.

Accordingly,

IT IS HEREBY ORDERED that the Special School District's motion to amend or alter, L(1278)87, be and is DENIED.

IT IS FURTHER ORDERED that the Special School District's motion for stay be and is GRANTED regarding only the closing of South County Technical High School, relating to 12(b) plan students, and only until such time as the appellate court rules.

IT IS FINALLY ORDERED that all requests for a hearing are DENIED.